UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY D. FREDERICK, | : | Case No. 1:07-cv-836 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to a period of disability, disability insurance benefits ("DIB"), or supplemental security income ("SSI"). (*See* Administrative Transcript ("Tr.") 17-27) (ALJ's decision)).

**I.**

On January 6, 2004, Plaintiff filed applications for a period of disability, DIB and SSI, claiming disability since September 5, 2003. (Tr. 17). Plaintiff alleged medical problems including depression, chronic back pain, congestive heart failure, hypertension, pulmonary vascular disease, gastroesophage reflux disease, erosive esophagitis, obesity, and hyperlipidemia. *Id*. These applications were denied initially and upon reconsideration. *Id*.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Upon denial of her applications, Plaintiff timely requested a hearing before an ALJ. (Tr. 17). A hearing was held on July 12, 2006, at which Plaintiff appeared with counsel and testified. (*Id.*) A vocational expert, Suman Srinivason, was also present and testified. (Tr. 28). On November 21, 2006, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 14-27). That decision became the final determination upon denial of review by the Appeals Council on August 31, 2007. (Tr. 6-9).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant met the disability insured-status requirements of the Act on September 5, 2003, the date the claimant allegedly became unable to work, and continues to meet them through June 30, 2007.

2. The claimant has not engaged in substantial gainful activity since September 5, 2003.

3. The medical evidence establishes that the claimant has "severe" impairments of degenerative joint disease of the lumbosacral spine, degenerative disk disease of the cervical spine, internal derangement of the right knee, morbid obesity, hypertension, and depressive disorder NOS, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.

4. The claimant retains the functional capacity to perform sedentary work, as such work is defined for Social Security pruposes. However, her "severe" impairments result in neck, shoulder, and low back pain, fatigue, impaired ambulation, decreased concentration, reduced stress tolerance, and diminished interpersonal skills. She is limited to jobs that would not require reaching overhead and which would afford her the opportunity to alternate between sitting and standing as required for comfort. She is further limited to simple tasks that would involve only minimal personal contacts.

5. The claimant's allegations of total disability are not supported by the

>     substantial objective medical evidence or clinical findings and cannot be considered credible (20 CFR §§ 404.1529 and 416.929).
>
> 6.  The claimant is unable to perform her past relevant work as a nurse aide, cashier, product assembler, waitress, or as a courier.
>
> 7.  The claimant's residual functional capacity for the full range of sedentary work is reduced by the limitations addressed in Finding No. 4.
>
> 8.  At the time of the alleged onset of disability, the claimant was forty-one years old. She is presently forty-four years old. At all times relevant to this decision, she is defined as being a "younger individual" (20 CFR §§ 404.1563 and 416.963).
>
> 9.  The claimant has more than a high school education (20 CFR §§ 404.1564 and 416.964).
>
> 10. The claimant does not have any acquired work skills which are transferrable to the skilled or semiskilled work funcations of other work (20 CFR 404.1568 and 416.968).
>
> 11. Based on a functional capacity for sedentary work, and the claimant's age, education, and work experience, section 404.1569 of Regulations No. 4, section 416.969 of Regulations No. 16, and Vocational Rule 201.28, Table No. 1, of Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."
>
> 12. Although the claimant's functional limitations do not allow her to perform the full range of sedentary work, using the above-cited sections as a framework for decision-making, there are a significant number of jobs in the national economy which the claimant could perform. Examples of such jobs are addresser and lens inserter. Such jobs exist in the numbers of 5,000 in the region and exist proportionately at the national level.
>
> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

(Tr. 26-27).

In sum, the ALJ concluded that Plaintiff was not under disability as defined by the Social Security Regulations and therefore was not eligible for a period of disability, DIB, or SSI. (Tr. 27).

On appeal Plaintiff argues that: (1) the ALJ erred in determining Plaintiff's residual functional capacities ("RFC"); (2) the ALJ erred in finding the claimant was not credible; (3) the ALJ erred by not holding further proceedings to address the post hearing evidence; and (4) the ALJ erred when he failed to consider claimant's pain. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**A.**

For her first assignment of error, Plaintiff asserts that the ALJ erred in determining Plaintiff's residual functioning capacities ("RFC").

In evaluating the evidence, the ALJ weighed the record physicians' opinions and found Dr. Koblenger's mental RFC assessment was unsupported by the evidence and lacked credibility. (Tr. 22-23, 457-459). The ALJ reasonably considered that Plaintiff did not seek mental health treatment until approximately 18 months after her alleged onset of a mentally disabling condition. (Tr. 24, 335-345). Plaintiff asserts that she suffered from depression as early as January 9, 2004, which was four months after her alleged onset of disabling impairments. (Doc. 5 at 13). However, the ALJ reasonably noted that she did not seek mental health treatment until March 2005. (Tr. 335-345).

The ALJ further found that Dr. Peerless' physical RFC assessment was unsupported by the medical evidence and was based on Plaintiff's subjective complaints. (Tr. 23, 387-391). The ALJ reasonably declined to give Dr. Peerless' assessment controlling weight,[2] because it was unsupported by the objective medical findings and was inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2).

In rejecting Dr. Peerless' opinion, the ALJ noted that after an arthroscopic menisectomy, Plaintiff's right knee complaints resolved. (Tr. 20, 439-440, 446). She also indicated that cardiac testing was normal, showing no ischemia, and an ejection fraction of 64 percent. (Tr. 20, 409-410). The ALJ considered that even though Plaintiff alleged disability mainly due to back problems, she was not hospitalized and required no surgical intervention for her back problems. (Tr. 23). The ALJ properly noted that Plaintiff's treatment was conservative, consisting of nerve blocks and pain medications. (Tr. 23-24). Thus, Plaintiff's complaints of disabling pain are undermined by her non-aggressive treatment. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (the ALJ can consider medication and other treatment when assessing credibility). The ALJ also considered that a July 2004 MRI of Plaintiff's cervical spine showed only mild stenosis and no cord effacement or signal alteration. (Tr. 24, 268).

---

[2] Although Plaintiff claims that Dr. Peerless was her treating physician since November 2001, (Doc. 5 at 5, 8-9), in fact, the record reflects that Plaintiff has simply sought medical care at the same practice since 2001, "pt in our office since 11/01." (Tr. 387). The earliest treatment notes from Dr. Peerless are actually from April 2005 (Tr. 376), although it appears Dr. Peerless was going to see Plaintiff in December 2004, but Plaintiff was a "no show." (Tr. 380). Dr. Peerless' treatment notes reflect four visits with Plaintiff between April 2005 and June 2006, which does not represent a long-term continuous relationship. (Tr. 366, 370, 374, 376).

In evaluating the treating physician's opinion, the ALJ also considered its supportability, as provided under 20 C.F.R. § 404.1527(d)(3).[3] In this context, Dr. Peerless' opinion that Plaintiff was severely limited is unsupported by her own records. The doctor's contemporaneous treatment notes consist primarily of reiterations of Plaintiff's subjective symptoms. (Tr. 366, 370, 374, 376). Dr. Peerless provides no clinical findings. In response to the instruction, "Identify the clinical findings and objective signs:" Dr. Peerless cites a history of herniated discs, PVD with venous insufficiency, [illegible], and hypertension. (Tr. 387). Yet the record indicates that Plaintiff's October 2002 and May 2005 cardiac stress tests were normal (Tr. 132, 409-10), and that Plaintiff also had normal echocardiograms in April and May 2004 and May 2005. (Tr. 220, 275, 428). Dr. Wright observed that Plaintiff walked "with a normal gait without the use of an ambulatory aid." (Tr. 174). Following repair of her torn meniscus, Plaintiff reported she was doing well in August 2005. (Tr. 446).

Accordingly, Dr. Peerless' RFC assessment and physical limitations are inconsistent with the medical findings. Notably, Dr. Wright, the consultative examiner, concluded that Plaintiff was capable of performing a marked amount of sitting, walking, standing, bending, kneeling, pushing, pulling, lifting, and carrying heavy objects. (Tr. 176). In addition, he found Plaintiff had no difficulty reaching, grasping, and handling

---

[3] Stating in relevant part: "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."

objects.  (*Id.*)⁴  In fact, Dr. Baresh instructed Plaintiff to "increase her activities as much as possible" (Tr. 347), and state agency reviewing physicians concluded that Plaintiff could perform a reduced range of light work (Tr. 38, 328-334).

The ALJ reasonably concluded that Dr. Peerless based her findings on Plaintiff's subjective allegations, rather than on objective indicators of disability.  (Tr. 23).  Having cited a number of inconsistencies between the record and Plaintiff's allegations, the ALJ logically found that allegations of total disability were not credible.  (Tr. 24, 26).  *See* 20 C.F.R. §§ 404.1527(d)(2,3)); *see also* SSR 96-2p.  Rather, the ALJ considered Plaintiff's limitations and reasonably accommodated them.  In thoroughly assessing Plaintiff's RFC, the ALJ properly found that her severe impairments "result in neck, shoulder, and low back pain, fatigue, impaired ambulation, decreased concentration, reduced stress tolerance, and diminished interpersonal skills."  (Tr. 26).

The ALJ is not required to accept any medical opinion not substantiated by the record, even that of a treating physician.  *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("This court has consistently stated that the [Commissioner] is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.").

---

⁴ Plaintiff claims that the ALJ erred in failing to consider Plaintiff's limitations with reaching, handling and fingering.  (Doc. 10 at 8).  However, the ALJ limits Plaintiff to sedentary work which includes lifting no more than ten pounds and also limits Plaintiff to jobs which do not require reaching overhead.  (Tr. 22).

To the extent that the ALJ found Plaintiff to be less than credible, he properly declined to accept opinions that relied on Plaintiff's subjective complaints. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (affirming finding of nondisability where physician's report was based on plaintiff's subjective complaints absent objective evidence). Consequently, the ALJ's rejection of Dr. Peerless' opinion "represents a credibility determination which this court may not disturb absent a compelling reason." *Smith v. Halter*, 367 F.3d 377, 379 (2001).

The undersigned finds that the ALJ reasonably accommodated Plaintiff's physical and mental impairments by restricting her to sedentary work. Although the RFC selected by the ALJ might not be the same RFC that Plaintiff would have selected, the ALJ's RFC is, without question, within the permissible "zone of choice" which the Sixth Circuit discussed in *Felisky, supra.* The ALJ's RFC is therefore not subject to reversal.

**B.**

For her second and fourth assignments of error, Plaintiff maintains that the ALJ erred in finding that the claimant's complaints of pain were not credible.

In evaluating complaints of pain, an ALJ may properly consider the claimant's credibility. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). The ALJ's assessment of credibility is entitled to great weight and deference, since he had the opportunity to observe the witness's demeanor. (*Id.*) *See also Duncan v. Sec'y of Health and Human Servs.,* 801 F.2d 847, 852 (6th Cir. 1986) (any credibility determinations

concerning subjective complaints of pain are the exclusive domain of the hearings officer).

> The assessment of a claimant's assertions of disabling pain is made in light of factors set forth in 20 C.F.R. § 404.1529, summarized in a two-part test:
> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine:
> (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Infantado v. Astrue,* 263 Fed. Appx. 469, 475 (6th Cir. 2008) (quoting *Felisky,* 35 F.3d at 1038-39).

In the instant case, the objective medical evidence does not confirm Plaintiff's subjective complaints. "Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints 'based on a consideration of the entire case record.'" *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007) (quoting SSR 96-7p, 1996 SSR LEXIS 4, at *4 (July 2, 1996)).

The ALJ considered Plaintiff's subjective complaints, including pain, and reasonably found them not fully credible. (Tr. 21-24). The medical record supports the ALJ's finding. For example, Dr. Baresh found Plaintiff's "pain is pretty well controlled." (Tr. 347). A July 2004 MRI showed <u>mild</u> stenosis, but no cord effacement or signal

-10-

alteration. (Tr. 268). A radiologist found no focally compressive discopathy. (Tr. 268). Plaintiff asked for a handicapped placard, but Dr. Baresh "told her absolutely not." (Tr. 347). On February 2, 2004, Plaintiff's primary care physician, Dr. Monica Miller, wrote: "I don't believe [Plaintiff] is a suitable candidate for disability." (Tr. 274).

The ALJ recognized, and the objective medical records support, that Plaintiff has ongoing definite and measurable work limitations resulting from severe impairments of degenerative joint disease of the lumbosacral spine, degenerative disk disease of the cervical spine, internal derangement of the right knee, morbid obesity, hypertension and depressive disorder NOS. (Tr. 26). However, Plaintiff's testimony and the record do not establish that pain prevents her from performing sedentary work. (*Id*.) *See also* 20 C.F.R. § 404.1529(c)(4) (the ALJ considers whether there are inconsistencies in the evidence and any conflicts between the claimant's statements and the other record evidence in determining the extent to which the claimant's symptoms diminish her capacity for basic work activities).

Contrary to Plaintiff's claim, the ALJ considered the record evidence, as well as the requisite credibility factors.[5] In evaluating Plaintiff's credibility, the ALJ considered that her impairments did not significantly restrict her activities of daily living. (Tr. 23). Plaintiff performed most of the cooking, housekeeping, and laundry duties. (Tr. 170).

---

[5] These factors include: daily activities, medication taken to alleviate pain, treatment other than medication for relief of pain, and measures you have used to relieve pain. 20 C.F.R. § 404.1529.

<mark>-11-</mark>

Additionally, the ALJ noted that Plaintiff was able to care for her 11 year-old daughter. (Tr. 23). The ALJ also considered Plaintiff's course of medical treatment and her use of medication which supports the ALJ's finding that Plaintiff's complaints of disabling pain were not fully credible. (Tr. 19-24).

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. Therefore, his finding is entitled to deference by this reviewing Court. *See Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224 (6th Cir. 1988) ("The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses, therefore his conclusions should be highly regarded.").

It was within the ALJ's province to find, as he did, that Plaintiff's subjective complaints were inconsistent with her use of only mild medication, her sporadic course of medical treatment, and her daily activities. *See Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988). The ALJ does not need to credit subjective complaints where there is no underlying medical basis for the complaint. *Fraley v. Sec'y of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir. 1984). When there are discrepancies between the claimant's testimony and the written record, the reviewing

court does not substitute its credibility findings for that of the ALJ. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). As Plaintiff's testimony conflicted with the objective medical evidence in the record, the ALJ did not commit reversible error by rejecting Plaintiff's testimony.

## C.

Next, Plaintiff maintains that the ALJ erred by not holding further proceedings to address the post hearing evidence.

We review such post-hearing evidence solely to determine whether a remand is warranted under sentence six of 42 U.S.C. § 405(g). The test for a "sentence-six remand" is threefold: The evidence must be: (1) new; (2) material; and (3) the claimant must demonstrate good cause for her failure "to incorporate such evidence into the record in a prior proceeding." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.,* 447 F.3d 477, 483 (6th Cir. 2006) (citing § 405(g)).

In April 2007, Plaintiff submitted medical records to the Appeals Council (six months after his decision and nine months after the administrative hearing). Plaintiff offers no explanation for her failure to submit these records to the ALJ prior to his decision. The latest record is from October 2006, one month before the ALJ ruled. (Tr. 473-474). Therefore, this evidence is not new. Additional evidence is new "if it was not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Additional evidence is material only if it concerns the plaintiff's condition prior to the ALJ's hearing decision. *Oliver v. Sec'y of*

*Health & Human Servs.,* 804 F.2d 964, 966 (6th Cir. 1986). The good cause requirement is satisfied if there is a "valid reason" for the failure to submit evidence at a prior hearing. *Id.*

Plaintiff asserts that the evidence shows she would be absent from work more than three times per month and that her depressive symptoms would be exacerbated by social stressors. (Doc. 5 at 14). Plaintiff maintains that if the vocational expert had considered this evidence, he might have testified to vocational implications which could have affected the ALJ's decision in Plaintiff's favor and that such an RFC finding might have been accepted by the ALJ.

The undersigned will address the additional evidence in turn:

The Appeals Council ("AC") Exhibit 1 records relate to an October 2006 sleep study. However, Plaintiff did not allege that she was disabled by sleep apnea or fatigue. Moreover, the records indicate that Plaintiff does not meet the criteria for sleep apnea. (Tr. 474). It is unlikely that the ALJ would have changed his decision based on such evidence.

AC Exhibit 2 consists of medical records from Health First Physicians dated June 15, 2006 to August 23, 2006. (Tr. 475-503). The exhibit contains heart monitor results from January 2007, which post-date the decision. (Tr. 494). To satisfy the materiality requirement, the proponent of the new evidence must show that there was a "reasonable probability" that the ALJ would have reached a different conclusion on the issue of disability if he was presented with the additional evidence. *Taylor v. Comm'r of Soc.*

*Sec*., 42 Fed. Appx. 941, 942 (6th Cir. 2002).  There is no reasonable probability that the ALJ would have changed his decision in reliance upon such records.

AC Exhibit 3 presents a prescription for a walker.  (Tr. 504-505).  Plaintiff maintains that this document supports her contention that she was prescribed a walker in March 2006, contrary to the ALJ's finding.  (Doc. 5 at 12).  There is no indication that the ALJ would have changed his decision based on the prescription.  The walker was only one of several factors that the ALJ considered in finding Plaintiff not credible.  (Tr. 23-24).  The issue of whether Plaintiff used a walker on her own initiative or as prescribed was not outcome-determinative and would not have affected the ALJ's decision.

AC Exhibit 5 consists of medical records from Ohio Heart & Vascular Center dated June through August 2006.  (Tr. 514-524).  Among the records is a normal echocardiogram with an ejection fraction of 60-65%, showing only mild regurgitation.  (Tr. 521-524).  Doctor reports dated June and August 2006 do not reflect any worsening.  (Tr. 514-516, 517-520).

Accordingly, for the reasons cited above, Plaintiff's post-hearing evidence is neither new, nor material, and Plaintiff has offered no reason for her failure to provide them in advance.  Therefore, the additional evidence Plaintiff submitted to the Court does not satisfy the burden of proof with respect to newness, good cause or materiality.  Remand is not warranted pursuant to the sixth sentence of 42 U.S.C. § 405(g).

**III.**

For the foregoing reasons, Plaintiff's assignments of error are unavailing. The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability, disability income benefits and supplemental security income, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**

Date:  December 30, 2008               s/ Timothy S. Black
                                                                     Timothy S. Black
                                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY D. FREDERICK, | : | Case No. 1:07-cv-836 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).