```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

BEVERLY D. FREDERICK,          :     NO. 1:07-CV-00836
                               :
        Plaintiff,             :
                               :
    v.                         :
                               :
                               :     **OPINION AND ORDER**
MICHAEL J. ASTRUE,             :
COMMISSIONER OF                :
SOCIAL SECURITY,               :
                               :
        Defendant.             :

This matter is before the Court on the Magistrate Judge's August 30, 2006 Report and Recommendation (doc. 12), and Plaintiff's Objections thereto (doc. 13). For the reasons indicated herein, the Court REJECTS the Magistrate Judge's Report and Recommendation in all respects, and REMANDS this matter for further proceedings consistent with this decision.

Plaintiff Beverly Frederick filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income benefits (SSI) on January 6, 2004, claiming disability due to depression, chronic back pain, congestive heart failure, hypertension, pulmonary vascular disease, gastroesophage reflux disease, erosive esophagitis, obesity, and hyperlipidemia (doc. 12). After her applications were denied at the state level, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Id.). A hearing was held on July 12, 2006, and the ALJ denied Plaintiff's applications on November

21, 2006 (Id.). The ALJ's decision became the Defendant's final determination on August 31, 2007, upon denial of review by the Appeals Council(Id.).

On October 5, 2007, Plaintiff brought this action for judicial review of Defendant's decision (doc. 1). Plaintiff alleged four errors in the ALJ's decision: (1)the ALJ erred in determining the claimant's residual functional capacities (RFC); (2) the ALJ erred in finding the claimant was not credible; (3) the ALJ erred by not holding further proceedings to address the post hearing evidence; and (4) the ALJ failed to consider claimant's pain (doc. 5).

**I. DISCUSSION**

**A. Report and Recommendation**

In his December 30, 2008 Report and Recommendation, the Magistrate Judge reviewed the ALJ's decision to determine whether it was supported by substantial evidence, and found Plaintiff's position without merit (doc. 11). The Magistrate Judge first explored Plaintiff's contention that the ALJ improperly determined the Plaintiff's RFC. Citing Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993), the Magistrate Judge concluded that the ALJ is not required to accept a medical opinion unsupported by the record and the ALJ's RFC was within the permissible "zone of choice" (Id.).

In support of this conclusion, the Magistrate Judge noted

that the ALJ weighed the record physician's opinions and found Dr. Koblenger's (treating psychiatrist) mental assessment was unsupported by the evidence and lacked credibility, reasoning that the Plaintiff did not seek mental health treatment until approximately 18 months after onset (Id.). The ALJ further found that treating physician Dr. Peerless' physical RFC was unsupported by the evidence and was based on Plaintiff's subjective complaints (Id.). The Magistrate Judge found the ALJ's reasoning proper noting that the Plaintiff's treatment for disabling back pain required no hospitalization or surgery and the nerve blocks and pain medications Plaintiff received were conservative concluding that Plaintiff's complaints were "undermined by her non-agressive treatment" (Id.). The Magistrate Judge further reasoned that Dr. Peerless' opinion that Plaintiff was severely limited is unsupported by her own records which "consist primarily of reiterations of Plaintiff's subjective symptoms," pointing to normal cardiac stress tests and echocardiograms, and Dr. Wright's (the consultative examiner (CE)) conclusion that Plaintiff had no difficulty with reaching, grasping, and handling objects, and was capable of a marked amount of mobility (Id.). The Magistrate Judge concluded that the ALJ's rejection of Dr. Peerless' opinion is a credibility determination which he cannot disturb without a compelling reason (Id.).

Considering Plaintiff's second and fourth assignments of

error, the Magistrate Judge concluded that the ALJ did not err in rejecting Plaintiff's complaints of pain as not credible because Plaintiff's testimony "conflicted with the objective medical evidence in the record" (doc. 11). The Magistrate Judge reasoned that a treating physician found Plaintiff's pain "pretty well controlled" denying to give her a handicapped placard, and Plaintiff's primary care physician opined that Plaintiff was not a suitable candidate for disability (Id.). The Magistrate Judge further found that the ALJ properly considered the evidence and the requisite credibility factors in determining that the "Plaintiff's subjective complaints were inconsistent with her use of only mild medication, her sporadic medical treatment, and her daily activities" (Id.).

Lastly, in response to Plaintiff's third assignment of error, the Magistrate Judge found that Plaintiff's post-hearing evidence does not satisfy the burden of proof required for remand under 42 U.S.C. § 405(g) (Id.). Citing Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006), the Magistrate Judge noted the test for remand requires proof that the evidence was new and material and that the claimant must have good cause for failing to provide the evidence in a prior proceeding (Id.). The Magistrate Judge found that Plaintiff submitted the record six months after the ALJ's decision and offered no explanation for her delay and the latest record was from October

4

2006, one month before the ALJ ruled and was therefore not "new" (doc. 11). With respect to materiality, the Magistrate Judge addressed each additional piece of evidence and found that each did not concern the Plaintiff's condition prior to the ALJ's hearing decision nor did they create a reasonable probability that the ALJ would have reached a different conclusion (Id.). The Magistrate Judge reviewed the new medical evidence and concluded that there was insufficient evidence to support remand(Id.). In conclusion, the Magistrate Judge recommended that the decision of the Commissioner was supported by substantial evidence and should be affirmed (Id.).

**B. Plaintiff's Objections**

Plaintiff filed a timely objection to the Report and Recommendation, arguing that the ALJ erroneously relied upon one time medical consults of Dr. Wright and Dr. Rosenthal because they were not treating physicians and did not have all relevant medical documentation during their evaluation of the Plaintiff and therefore, failed to consider all relevant medical evidence (doc. 12). First, Plaintiff avers that the ALJ erroneously dismissed the evidence of treating physicians, Koblenger and Peerless, and alternatively relied too heavily upon two (2) one time examiners in 2004 who did not have the Plaintiff's medical records dated after April 2004 (Id.). In relying on these opinions and giving them more deference than the Plaintiff's treating doctors, the ALJ did

5

not consider all medical impairments over time because the two examiners opinions were not made with full knowledge of Plaintiff's medical situation. The Plaintiff argues that in determining the sustainability RFC, mental health limitations of the individual and frequency of medical appointments must be taken into consideration (Id.). Plaintiff further argues that the record reflects Plaintiff had seen a treating physician who diagnosed her with major depression, opining that Plaintiff's "ability to make occupational adjustments are poor to none" and that her "ability to understand, remember and carry out simple, complex and detailed instructions are seriously limited" and that the vocational expert (VE) failed to address these limitations in the ALJ's RFC on whether she could sustain employment with these significant mental limitations (Id.). Through treating physician documentation, Plaintiff provided evidence tending to prove she would miss work more than three times a month and that she had approximately 120 appointments, both factors to be considered in determining the RFC (Id.).

Next, the Plaintiff objects to the ALJ's failure to consider all of her physical limitations including the treating physician's assessment that her hand mobility would be significantly limited (Id.). Plaintiff concludes that the ALJ improperly relied upon non treating physician's evaluations and failed to consider all of her relevant medical documentation in determining the RFC (Id.).

**C. Standard of Review**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. It continues by stating "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Because timely objections have been filed in this case, this Court will review the Magistrate Judge's Report and Recommendation de novo. It is important to note that the standard of review for a Magistrate Judge's report and recommendation is distinct from the standard of review for the ALJ's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the Social Security Administrations's Commissioner, ALJ and Appeals Council, is limited to whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the

record to support the Commissioner's factual findings. See 42 U.S.C. § 405(g); Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (citation omitted). Accordingly, the Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir. 1986).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). It is for the Commissioner to resolve conflicts in the evidence and to decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). Credibility determinations, however, may be disturbed when the Court is presented with a compelling reason. Smith v. Halter, 2002 Fed. App. 0348P (6th Cir. 2002).

The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support

a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts." Id. (citation omitted). If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Kirk, 667 F.2d at 535.

### D. Discussion

After a thorough review of the record, the Court finds Plaintiff's objections well-taken. The ALJ's RFC determination and conclusion that Plaintiff's "impairments do not significantly restrict her activities of daily living" cannot be complete if dependant upon the one time consultative physical and psychological examination's of Dr. Wright and Dr. Rosenthal in 2004 because at that time they did not have all relevant medical information in making their assessment of Plaintiff (doc. 11). The ALJ's RFC determination is clearly based on the dismissal of the opinions of Plaintiff's treating physicians and adoption of the consultative examiner's incomplete assessment. The Court disagrees with both the ALJ and the Magistrate Judge and finds that the ALJ incorrectly relied upon the incomplete assessments of Drs. White and Rosenthal.

Though the Magistrate Judge reviewed the medical evidence in the record and did not find evidence contradicting the ALJ's opinion, this Court is not satisfied that the ALJ nor Magistrate Judge reviewed all the material listed in the Plaintiff's objection

(doc. 11). Therefore, the Court rejects the Magistrate Judge's recommendation of dismissal and remands "for further fact-finding" so that the ALJ can review all of the medical evidence produced by Plaintiff before assigning an RFC.

Consideration of the new medical evidence will necessarily alter the analysis when determining Plaintiff's RFC and evaluating the severity of Plaintiff's mental and physical impairments. Thus, on remand, ALJ must revisit these issues as well. The ALJ should also reevaluate the weight given to the consulting examiner's incomplete opinions and review the assigned RFC, completely considering the medical and testimonial evidence later provided and listed in Plaintiff's objection to the Report and Recommendation.

**II. CONCLUSION**

Accordingly, having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in his Report and Recommendation, are incorrect. Therefore, the Court hereby SUSTAINS Plaintiff's Objections (doc. 12), REJECTS the Report and Recommendation (doc. 11), and REMANDS this matter under Sentence Four of 42 U.S.C. § 405(g) for the ALJ to review the material listed in Plaintiff's objections to the Report and Recommendation. On remand, the ALJ must review the Plaintiff's additional medical

evidence and use it to reevaluate Plaintiff's RFC.


SO ORDERED.


Date: February 26, 2009        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge