```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

BEVERLY D. FREDERICK           :
                               : NO. 1:07-CV-00836
        Plaintiff,             :
                               :
   v.                          : **OPINION AND ORDER**
                               :
                               :
COMMISSIONER OF SOCIAL         :
SECURITY,                      :
                               :
        Defendant.             :

   This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act, 28 U.S.C. §2412(d) (doc. 18). For the reasons stated herein, the Court GRANTS Plaintiff's motion (Id.).

**I. Background**

   Plaintiff Beverly Frederick filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income benefits (SSI) on January 6, 2004, claiming disability due to depression, chronic back pain, congestive heart failure, hypertension, pulmonary vascular disease, gastroesophage reflux disease, erosive esophagitis, obesity, and hyperlipidemia (doc. 12). After her applications were denied at the state level, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Id.). A hearing was held on July 12, 2006, and the ALJ denied Plaintiff's applications on November 21, 2006 (Id.). The ALJ's decision became the Defendant's final determination on August 31, 2007, upon denial of review by the

Appeals Council(Id.).

Plaintiff filed timely appeal, and the Magistrate Judge filed a Report and Recommendation that the ALJ's decision be affirmed (Id.). However, in the February 29, 2009 Order the Court rejected the Magistrate Judge's recommendation of dismissal and remanded the case "for further fact-finding" so that the ALJ could review all of the medical evidence produced by Plaintiff before assigning an RFC (doc. 13).

Plaintiff now requests fees and expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), in the amount of $3,426.02 (doc. 15). The requested amount represents 17.25 hours of work done before the Court (Id.).

A prevailing party in an action brought by or against the United States may be entitled to an award of attorney's fees and costs under the EAJA unless otherwise prohibited by statute or unless the Court finds the "position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). Plaintiff claims she is a prevailing party under the EAJA because the actions of the ALJ were found unreasonable pursuant to this Court's order of remand (doc. 15).

**II. Analysis**

Having reviewed this matter, the Court finds an award of attorney fees is proper. Fees and costs will not be awarded to a

prevailing party if the government's position was substantially justified. 28 U.S.C. § 2412 (d)(1)(A). Substantial evidence is a distinct inquiry from substantial justification, and the government's position may be substantially justified for purposes of the EAJA even though the plaintiff ultimately prevailed on the merits. Pierce v. Underwood, 487 U.S. 552, 569 (1988). The government's position is substantially justified if there was a "genuine dispute" or if the government's position was "justified to a degree that could satisfy a reasonable person." Pierce at 565.

In the February 27, 2009 Order, the Court held:

> The ALJ's RFC determination and conclusion that Plaintiff's "impairments do not significantly restrict her activities of daily living" cannot be complete if dependant upon the one time consultative physical and psychological examination's of Dr. Wright and Dr. Rosenthal in 2004 because at that time they did not have all relevant medical information in making their assessment of Plaintiff (doc. 11). The ALJ's RFC determination is clearly based on the dismissal of the opinions of Plaintiff's treating physicians and adoption of the consultative examiner's incomplete assessment (doc. 13).

Because the ALJ failed to apply the correct legal standard and erroneously rejected the physicians' opinions based on incomplete assessments, the ALJ's RFC determination cannot be justified to a degree that could satisfy a reasonable person.

**III. Conclusion**

Plaintiff is a prevailing party and the decision to deny

-3-

benefits was not substantially justified.  As such, the Court GRANTS the application for attorney's fees under the EAJA (doc. 15).  The Court further FINDS that Plaintiff's calculation of attorney fees and costs is reasonable, as detailed in Plaintiff's attachment to her Motion for Attorney Fees and Costs Under the Equal Access to Justice Act (<u>Id</u>.), and ORDERS Defendant to pay $3,426.02 in attorney fees.  This amount must be deducted from any additional amount, if any, awarded under 42 U.S.C. § 406(b) of the Social Security Act pursuant to Plaintiff's contingent fee agreement.

       SO ORDERED.

Dated: April 22, 2009       <u>/s/ S. Arthur Spiegel      </u>
                                    S. Arthur Spiegel
                                    United States Senior District Judge